# ORPHANS' COURT OF BALTIMORE CITY

Filed March 14, 1890.

## IN THE MATTER OF THE ESTATE OF HENRY LYNCKER.

*Samuel Snowden* and *John G. Mitchell* for petitioners.

*Thomas R. Clendinen* for the respondent.

LINDSAY and EDWARDS, JJ.—

This case comes before the Court by petition of Catharine Behringer, a daughter of the late Henry Lyncker, deceased (and her husband, Philip Behringer), praying for a revocation of the letters of administration granted to Mr. Charles Fangmeyer, in accordance with Sec. 31, Art. 93, of the Maryland Code of Public Laws.

The attention of the Court has been

94

occupied by this petitioner in connection with this estate on three occasions previously to the presentation of this petition.

First. This petitioner, immediately after the probate of her father's will, came into Court with her sister, Mrs. John Hecker, they being the only adult heirs of the said Henry Lyncker, and in open Court, on their own volition, formally signed a written renunciation of their right to administer in favor of John Hecker, a brother-in-law of this petitioner, who was given permission to file his bond on the following day.

Second. This petitioner, before John Hecker's bond was filed, came again into Court and in open Court, asked to be allowed to revoke her renunciation made the day previously, averring her ignorance of the legal effect thereof; whereupon the Court, willing to gratify her as far as possible, although dubious as to the fact of her averment, charitably assumed such ignorance to exist and granted her request. Subsequently the Court ordered the destruction of the aforesaid renunciation and granted letters of administration to the petitioner and her sister, Mrs. Hecker and their husbands, allowing them a reasonable time in which to file their bonds.

Third. This petitioner and Mrs. Hecker came again into Court at the expiration of the specified time and gave the information that they were utterly unable to agree between themselves as to the administration and in open Court absolutely and positively declined and refused to administer upon the estate, and requested the Court in its discretion to appoint an administrator. This the Court did in the person of Chas. Fangmeyer, who at once gave bond and entered upon the discharge of the duties thereof. The petition has been fully answered by the administrator. The Court, after hearing the testimony in the case and the arguments of the counsel, is of the opinion that the grant of letters should not be revoked and that the petition should be dismissed with costs to the petitioner. It is therefore ordered this 13th day of March, 1890, that the petition be dismissed with costs.

DISSENTING OPINION BY JUDGE GANS.

I dissent from the opinion and decision given by a majority of the judges in the above-entitled case on the ground of my belief, based upon the testimony in this case and the law governing the same, that the party bringing this suit for the protection of a valuable right given her by the law, has not, by anything she either said or done, by which she would be legally bound, lost or forfeited her right to administer the estate of her deceased father and that, therefore, the present letters, given to an unapplying creditor, were improvidently granted and should be revoked.